UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARISTA RECORDS, LLC, a Delaware limited
liability company; ATLANTIC RECORDING
CORPORATION, a Delaware corporation;
BMG MUSIC, a New York general
partnership; CAPITOL RECORDS, INC., a
Delaware corporation; ELEKTRA
ENTERTAINMENT GROUP INC., a
Delaware corporation; LAFACE RECORDS
LLC, a Delaware limited liability company;
SONY BMG MUSIC ENTERTAINMENT, a
Delaware general partnership, UMG
RECORDINGS, INC., a Delaware corporation;
VIRGIN RECORDS AMERICA, INC., a
California corporation; and WARNER BROS.
RECORDS INC., a Delaware corporation,
   Plaintiffs,

                Case No. 1:07-cv-1115

-v-

                HONORABLE PAUL L. MALONEY

DOES 1 - 4,
   Defendants.

## OPINION AND ORDER GRANTING PLAINTIFFS' EX PARTE APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

  Plaintiffs, various members of the music recording industry, filed a complaint against four unknown individuals for copyright infringement. With the complaint, Plaintiffs filed an application for leave to take immediate discovery under Federal Rules of Civil Procedure 26 and 45. (Dkt. No. 2).

  Plaintiffs allege the four unknown Defendants used peer-to-peer (P2P) online file sharing systems to download or distribute Plaintiffs' copyrighted music. Plaintiffs have identified the computer used by each of the four defendants for the infringing activities through the unique numerical Internet Protocol (IP) address assigned to each computer. Furthermore, Plaintiffs have

provided a list of some of the songs that were improperly downloaded or distributed at each IP address. (Exhibit A to complaint). Plaintiffs allege Defendants have illegally downloaded or distributed between 70 and 150 files each. (Exhibit A to complaint). The IP addresses were distributed by Michigan State University (MSU), the third party internet service provider (ISP). Plaintiffs request leave to subpoena information identifying Defendants from MSU.

I. DISCOVERY RULES

A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). Fed. R. Civ. P. 26(d). Some courts, under their broad discretion to manage discovery, have allowed expedited discovery prior to a Rule 26 hearing upon a showing of good cause. *Quest Commc'n Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003); *Pod-ners, LLC v. N. Feed & Bean of Lucern LLC*, 204 F.R.D. 675, 676 (D. Colo. 2002). This Court has found no published cases addressing this proposition of law within the Sixth Circuit, although there are several unpublished cases. *See e.g. In re Paradise Valley Holdings*, No. 03-34704, 2005 WL 3841866 (Bankr. E.D. Tenn. Dec. 29, 2005) and *Whitfield v Hochsheid*, No. C-1-02-218, 2002 WL 1560267 (S.D. Ohio 2002). This Court notes the pending changes to Rule 26(d) specifically authorize discovery prior to a Rule 26 hearing "by court order." Fed. R. Civ. P. 26(d)(1) (proposed amendment effective Dec. 1, 2007 absent contrary Congressional action). This Court finds the reasoning in *Quest* persuasive and adopts the holding. Plaintiffs have been able to establish good cause in situations involving requests for a preliminary injunction where the moving party alleges infringement. *Quest*, 213 F.R.D. at 419.

A number of district courts have found good cause to permit expedited discovery where the recording industry has IP addresses for individuals who have illegally distributed or downloaded

music, but do not have the name of the person whose computer was assigned that address. *See Capitol Records, Inc. v. Doe,* No. 07-cv-1570, 2007 WL 2429830 (S.D. Cal. Aug. 24, 2007) (granting subpoena for information from University of California, San Diego); *Warner Bros., Records Inc. v. Does 1-4,* No. 2:07-cv-424, 2007 WL 1960602 (D. Utah July 5, 2007) (granting subpoena for information from Off Campus Telecommunications); *Warner Bros. Records, Inc. v. Does 1-20*, No. 07-cv-1131, 2007 WL 1655365 (D. Colo. June 5, 2007) (granting subpoena for information from Quest Communications); *Arista Records, LLC v. Does 1-9*, No. 07-cv-628, 2007 WL 1059049 (D. Colo. April 4, 2007). Courts typically find good cause based upon (1) allegations of copyright infringement, (2) the danger that the ISP will not preserve the information sought, (3) the narrow scope of the information sought, and (4) the conclusion that expedited discovery would substantially contribute to moving the case forward. *See e.g. Capital Records, Inc.* 2007 WL 2429830 at *1. Plaintiffs have also provided this Court with copies of eight orders issued over the past three years by district courts within the Sixth Circuit permitting expedited discovery under almost identical circumstances. (Exhibit B to memorandum). In addition, this Court granted expedited discovery in a prior case involving an almost identical set of facts. *See LaFace Records, LLC v. Does 1-5*, No. 2:07-cv-187, 2007 WL 2867351 (W.D. Mich. Sept. 27, 2007).

   Plaintiffs have not acknowledged that courts occasionally deny similar requests. Based on the authority cited above, this Court agrees with Plaintiffs that discovery to allow the identitification of "Doe" defendants is "routine." (Plaintiffs' memorandum in support at 5). However, this Court would be remiss if it did not discuss authority counter to Plaintiffs' request. In *Capital Records, Inc. v. Does 1-16*, No. 07-485, 2007 WL 1893603 (D. N.M. May 24, 2007), the court denied an almost identical request to issue a subpoena for information from the University of New Mexico. The court

cited privacy concerns of the individuals whose names were sought and the plaintiffs' inability to identify an irreparable harm as damages could easily cure any alleged copyright infringement. *Id.* at *1. Two circuit courts have rejected subpoenas sought by the recording industry under the Digital Millennium Copyright Act (DMCA). *Charter Commc'n Inc., Subpoena Enforcement Matter,* 393 F.3d 771 (8th Cir. 2005); *Recording Indust. Ass'n of America, Inc. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229 (D.C. Cir. 2003). In both cases the courts concluded the ISP was only a conduit for file sharing in P2P systems and that conduit ISPs were not one of the types of ISPs for which subpoenas could be issued. *See also In re Subpoena to Univ. of North Carolina at Chapel Hill*, 367 F.Supp. 2d 945 (M.D. N.C. 2005). This Court is also aware that the recording industry has sought subpoenas under the Cable Communication Policy Act (CCPA). *Interscope Records v. Does 1-7*, 494 F.Supp. 2d 388 (E.D. Va. 2007) (denying request for subpoena for information from William and Mary College under CCPA and DMCA); *UMG Recordings, Inc. v. Does 1-4*, No. 06-652, 2006 WL 1343597 (N.D. Cal. March 6, 2006) (finding it unnecessary to decide the request under the CCPA and ordering the ISP to provide its subscribers with a copy of the subpoena before releasing the information, a protection which would be consistent with both the provisions of the CCPA and Rule 45).

       The provisions and guidelines for issuing a subpoena are found under Fed. R. Civ. P. 45. Rule 45 permits persons subject to a subpoena to file a motion to quash or modify the subpoena on various grounds. FED. R. CIV. P. 45(c)(3)(A). Two courts have upheld subpoenas issued under remarkably similar circumstances. *See Elektra Entm't Group, Inc. v. Does 1-9*, No. 04-cv-2289, 2004 WL 2095581 (S.D. N.Y. Sept. 8, 2004) (upholding subpoena as not overburdening rights under the First Amendment) and *Sony Music Entm't Inc. v. Does 1-40*, 326 F.Supp. 2d 556 (S.D. N.Y.

2004) (finding that P2P file sharing is entitled to some level of First Amendment protection, but that the balance of interests weighed in favor of the subpoena because (1) plaintiff made a prima facia claim of copyright infringement, (2) the discovery request was sufficiently specific, (3) there was an absence of alternative means of obtaining the information, (4) there was a need for the information in order to pursue the action, and (5) there was only a minimal expectation of privacy under the ISP's terms of service).

II.  ANALYSIS

Plaintiffs argue P2P networks allow users to distribute and download millions of music files every month in violation of copyright laws.  Plaintiffs assert they have good cause for this Court to issue a subpoena because (1) they have alleged a prima facia claim of copyright infringement, (2) ISPs typically retain activity logs for a limited period of time, (3) the discovery request is narrowly tailored, and (4) the information is necessary to move the case forward.  Plaintiffs also request this Court clarify that the subpoena would not interfere with MSU's obligations under the Family Educational Rights and Privacy Act, 20 U.S.C. 1232g (FERPA).  Plaintiffs intend to serve a subpoena on MSU requesting documents that would identify each Defendant's true name, address (current and permanent), telephone number, email address, and Media Access Control (MAC) address.

This Court finds Plaintiffs have established good cause for departing from the usual course of discovery.  Specifically, this Court finds (1) Plaintiffs have alleged copyright infringement, (2) there is a possibility that the ISP might delete or otherwise destroy the activity logs which are necessary to identify the individuals who have been downloading or distributing music files, (3) the discovery request is narrowly tailored, and (4) the identity of the individuals is necessary to move

the case forward and without this information, Plaintiffs would not be able to determine the identities of Defendants. This Court declines to find that the subpoena is consistent with Michigan State University's obligations under FERPA. The issue has not been briefed, it is unnecessary for this order, and MSU should be afforded an opportunity to speak on the issue if it elects to do so.

This Court also finds merit in the District Court of New Mexico's concern for the privacy of the various individuals who may be identified. This Court agrees it would be preferable for Plaintiffs to request the information from the ISP *prior* to filing this request in an effort to secure the information without resort to the courts. Therefore, this Court **GRANTS** Plaintiffs' Application for Leave to Take Immediate Discovery (Dkt. No. 2), **WITH MODIFICATIONS**. As the application was brought ex parte, both the ISP and the individuals implicated should have an opportunity to move to quash the subpoena.

ORDER

(1) Plaintiffs may take immediate discovery by serving a Rule 45 subpoena on Michigan State University seeking information sufficient to identify Does 1-4, including the name, current and permanent addresses, telephone numbers, email addresses, and Media Access Control addresses for each Defendant.

(2) Any information disclosed to Plaintiffs in response to the subpoena may be used solely for the purpose of protecting Plaintiffs' rights under the Copyright Act as set forth in the complaint.

(3) Plaintiffs shall serve Michigan State University a copy of the opinion and order along with the subpoena.

(4) Michigan State University may move to quash or modify the subpoena at any time before the return date of the subpoena.  Michigan State University shall preserve the information sought in the subpoena until it has been provided to Plaintiffs or until otherwise ordered by the Court.

(5) Michigan State University shall make a reasonable effort to inform the individuals whose identities are revealed as a result of the information sought by the subpoena of the subpoena within seven days after service of the subpoena.  Where possible, Michigan State University shall provide a copy of the subpoena and the opinion and order to those individuals.

(6) Those individuals who receive notice of the subpoena from Michigan State University may move to quash or modify the subpoena at any time before the return date of the subpoena.


Date:   November 20, 2007              /s/ Paul L. Maloney
                                       Paul L. Maloney
                                       United States District Judge